IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOE ARCHULETA**,

    Plaintiff,

vs.                                                      No. **CIV 09-224 MCA/LFG**

**QWEST CORPORATION,**
a Colorado Corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Plaintiff Joe Archuleta's *Motion to Remand and for Withdrawal of Reference Request for Absention and for Sanctions* [Doc. 2] filed on March 9, 2009. Having reviewed the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that this case does not satisfy the statutory requirements for subject-matter jurisdiction and must be remanded to the First Judicial District Court for the County of Santa Fe, State of New Mexico. The Court denies Plaintiff's request for any further relief other than remanding this action to state court, and the Court's prior *Order* [Doc. 6] extending the duration of the *Temporary Restraining Order* issued in state court is hereby vacated.

**I.**     **BACKGROUND**

    On March 8, 2009, Plaintiff Joe Archuleta filed a civil action against Defendant Qwest Corporation in the First Judicial District Court for the County of Santa Fe, State of New

Mexico, in order to challenge the validity of an alleged easement for telecommunications facilities on Plaintiff's property, for which Defendant paid Plaintiff the sum of $7,500.00. [Doc. 1-3.] Concurrently with the filing of his *Complaint*, Plaintiff sought and received a ten-day *Temporary Restraining Order* [Doc. 5-2] to enjoin Defendant from further work on the subject property while the matter was pending in state court.

On March 9, 2009, Defendant removed this action to the United States District Court Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity of citizenship under 28 U.S.C. § 1332. [Doc. 1.] Plaintiff responded by filing a motion to remand on the same date, followed by a supporting memorandum filed on March 12, 2009. [Doc. 2, 5.]

Recognizing that the matter was removed to federal court while the state court's *Temporary Restraining Order* [Doc. 5-2] was pending, the Court promptly issued an order to clarify that such temporary injunctive relief remained in place pursuant to 28 U.S.C. § 1450 until the Court had the opportunity to rule on the motion to remand. The Court's *Order* [Doc. 6] also set an expedited briefing schedule on the motion to remand.

As there was no opportunity to address the merits of the state court's restraining order or the merits of Plaintiff's claims before the matter was removed to federal court, Defendant filed a *Motion to Dismiss Plaintiff's Complaint* [Doc. 9] and a *Response in Opposition to Plaintiff's Application for Preliminary Injunction* [Doc. 10] in this Court on March 26, 2009. The Court subsequently denied Plaintiff's motions to stay the briefing on those filings. [Doc. 18.]

## II. ANALYSIS

Removal of a state-court action to a federal district court is controlled by 28 U.S.C. § 1441, which states, in relevant part,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district Court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a federal district court may exercise diversity jurisdiction over a civil action if the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Varela v. Wal-Mart Stores, East, Inc., 86 F.Supp.2d 1109, 1110 (D.N.M. 2000). Amount in controversy normally is determined by the allegations in the complaint or, where they are not dispositive, by those included in the notice of removal. Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (internal citation omitted). When neither document suffices, the court may look to other relevant materials in the record at the time of removal. See id.

In the case of an action originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001). "The same is not true, however, when the case has been removed from state court." Id. In such a case, the defendant's claim as to the amount in controversy does not enjoy the same presumption of accuracy as does the plaintiff's. Additionally, where the plaintiff has failed to specify damages, the defendant bears the

3

burden of proving amount in controversy by a preponderance of the evidence. Id. at 1289-90.

Bare allegations that the amount exceeds the jurisdictional minimum are insufficient; rather, the removing party must set forth the underlying facts supporting the assertion that the $75,000 floor has been met. See Laughlin, 50 F.3d at 873. And such facts must be established at the time of removal rather than in subsequent filings in response to a motion to remand. "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873. On the other hand, in its attempt to determine amount in controversy, the court may not ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal. Hanna v. Miller, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001). Still, because of the presumption against removal jurisdiction, removal statutes are construed narrowly, with uncertainties concerning federal jurisdiction resolved in favor of remand to state court. See Martin, 251 F.3d at 1289-90.

Applying these authorities to the facts of the present case, the Court finds that Defendant has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. To reach that amount, the Court would have to multiply by ten times the $7,500 purchase price specified in the easement agreement between the parties. While Plaintiff's *Complaint* alleges that Defendant's actions have negatively affected the value of the subject property as a whole and that Plaintiff was not paid fair market value for the easement on that property, these allegations do not support a reasonable inference that

4

the value of the requested relief equals or exceeds ten times the purchase price for the easement. Similarly, the fact that Plaintiff asserts claims for punitive damages and attorney fees does not support such an inference when the case is viewed in its proper context as a dispute over the price and boundaries of easement rights to a twenty-five foot square parcel of semi-rural property for a twenty-year period.

Considering the materials in the record at the time of removal, as well as the narrow construction of removal statutes and the presumption against removal jurisdiction, the Court concludes that Defendant has not met its burden of proving an amount in controversy of at least $75,000. See Martin, 251 F.3d at 1289-90. Accordingly, the Court concludes that this action must be remanded to state court.

The Court's determinations with respect to the amount in controversy should not be construed as an opinion on the merits of the case or the propriety of the parties' conduct in this litigation. In particular, the Court expresses no opinion on the merits of Defendant's *Motion to Dismiss* [Doc. 9], and the arguments raised in the briefing on that motion are instead referred to the state court on remand. In addition, the Court does not find that Defendant acted improperly in asserting its position regarding removal in this case. Therefore, the Court declines to award costs, expenses, or attorneys' fees to the Plaintiff. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Finally, the Court hereby vacates its earlier *Order* [Doc. 6] extending the duration of the state court's temporary restraining order while the motion to remand was pending. Having determined that subject-matter jurisdiction is lacking, this Court has no authority to

issue or extend such temporary or preliminary injunctive relief. In addition, the Court notes that Defendant has not been afforded a hearing on any application to extend such relief.

**IT IS THEREFORE ORDERED** that Plaintiff Joe Archuleta's *Motion to Remand and for Withdrawal of Reference Request for Absention and for Sanctions* [Doc. 2] is **GRANTED IN PART** with regard to remanding this case to state court and **DENIED IN PART** with regard to all other relief requested therein.

**IT IS FURTHER ORDERED** that the Court's prior *Order* [Doc. 6] extending the duration of the *Temporary Restraining Order* issued in state court is hereby **VACATED**.

**IT IS FURTHER ORDERED** that this action be and hereby is remanded to the First Judicial District Court for the County of Santa Fe, State of New Mexico pursuant to 28 U.S.C. § 1447(c), each party to bear its own costs and attorneys' fees.

**SO ORDERED**, this 29th day of April, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**United States District Judge**